March 15, 1913. The opinion of the Court was delivered by *Page 41 
The defendant, D.A. Weaver, shipped two horses, one a stallion and the other a filly, from Fairfield, Ill., to Columbia, S.C. and paid the sum of $48.65, the freight demanded for two horses. It seems that the freight charges fixed by the commission on stallions was higher and it was agreed that the correct charges were $132.80-100. The transportation company brought this action for $84.15-100, the difference as they are required to do by law, and attached the filly as Weaver was a nonresident. The horses were shipped as the property of Weaver, but the stallion belonged to H.E. Yorke, and it is claimed that just after the arrival of the horses Weaver sold the filly to Yorke and gave him a written bill of sale for it. Yorke entered the stallion as his own with the racing association and entered the filly as the property of Weaver. Yorke then got two owner's badges, one for himself and one for Weaver. Weaver used his badge. The action was brought against Weaver alone, but Yorke intervened. The action was tried before a magistrate, who found as follows:
"I find judgment for plaintiff against defendant for eighty-four and 15-100 ($84.15) dollars, and that the filly `Ina Lee,' claimed by H.E. Yorke, so far as this judgment is concerned, is the property of the defendant, D.A. Weaver, and that plaintiff has a lien thereon for freight, the plaintiff never having parted with possession unconditionally."
The magistrate's report of the case contains the following:
"The claimant, H.E. Yorke, put in evidence an alleged bill of sale, but, from an inspection of the same and from the evidence submitted, I found as a matter of fact that the bill of sale was not supported by the evidence and the circumstances surrounding the transaction." *Page 42 
The Circuit Judge sustained the magistrate. The intervenor, Yorke, appeals to this Court with the following exceptions:
1. "That his Honor erred, because the evidence admitted only of the inference that there had been a bona fide transfer of title and possession on the filly, `Ina Lee,' from D.A. Weaver to H.E. Yorke, on December 14, 1911, free and clear of any lien in favor of the Southern Railway Company, without any notice to the said H.E. Yorke of any claim by the Southern Railway Company; and he should have adjudged that as such the said filly, `Ina Lee,' was 'not subject to attachment as the property of D.A. Weaver, and he should have reversed the magistrate's judgment in so far as the same held that the said filly could be so attached.'
2. "That his Honor should have held that the evidence admitted only of the inference that the Southern Railway Company had voluntarily parted with possession of the said filly before December 14, 1911, and had thereby lost its lien, and that there was a bona fide transfer of title and possession of the said filly, without notice of any claim of the Southern Railway Company, to H.E. Yorke, on the 14th day of December, 1911; and he should have adjudged that the said filly was not subject to attachment as the property of the said D.A. Weaver.
3. "That his Honor should have held that the evidence admitted only of the inference that the Southern Railway Company had lost its lien on the said filly, `Ina Lee,' by issuing the process of attachment and attaching her, and he should have adjudged that the filly was the property of the said H.E. Yorke, and not subject to attachment as the property of the said D.A. Weaver."
All of these exceptions are overruled.
As soon as this Court finds that there is any evidence to support the judgment in a case like this, its jurisdiction is *Page 43 
at an end. When the owner of personal property sells it and gives written evidence of the sale and keeps it quiet and continues to enjoy the privileges of ownership until it is to his and the buyer's advantage to disclaim ownership, and the buyer secures the insignia of ownership for the seller and connives at its use, then neither the buyer nor the seller can successfully maintain that there is no evidence that there has been a sale. It is not even claimed that the "bill of sale" is a correct statement of facts.
There being some evidence to support the finding, the appeal is dismissed.
Petition for rehearing dismissed by formal percuriam order filed March 15, 1913.